UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Maroofa Jesmeen**, *doing business as* Big Apple Learning Center,<br><br>    Appellant,<br><br>    v.<br><br>**Mark L. Cortegiano, Michael J. Macco, Michael L. Previto,** and **US Trustee Office of the United Stated Trustee,**<br><br>    Appellees. | No. 1:22-cv-07860-EK<br><br>**Memorandum and Order** |

**NINA R. MORRISON**, United States District Judge:

  On March 29, 2023, appellant Maroofa Jesmeen ("Ms. Jesmeen") filed a request seeking additional time to respond to the Court's March 22, 2023, Order to Show Cause, and filed a motion seeking an emergency order to stay a foreclosure sale of a property at 111-39 207th Street, Queens Village, NY ("Mortgaged Premises"). For the reasons below, the Court denies Ms. Jesmeen's motion for an emergency order and grants Ms. Jesmeen until Monday, May 1, 2023, to respond to the Order to Show Cause.[1]

## BACKGROUND[2]

  On February 6, 2009, Maspeth Federal Savings and Loan Association

---

[1] Ms. Jesmeen's underlying action in this Court is pending before the Hon. Eric R. Komitee. Her present motions were referred to me in my capacity as miscellaneous duty judge when the motion was filed.

[2] Facts below come from Maspeth's opposition papers, ECF No. 8; the March 30, 2023, telephone conference; and the District Court docket except where noted.

- 1 -

("Maspeth") made a $157,135.05 loan to Ms. Jesmeen, secured by a first priority mortgage against the Mortgaged Premises.  Ms. Jesmeen defaulted on the mortgage, and in 2014, the Queens County Supreme Court entered a judgment of foreclosure and sale.  In 2020, Maspeth commenced a foreclosure action against the Mortgaged Premises.

On October 11, 2022, Ms. Jesmeen commenced a chapter 13 bankruptcy case in the Bankruptcy Court of the Eastern District of New York.[3]  On December 12, that court dismissed Ms. Jesmeen's chapter 13 petition and barred her from filing a petition under any chapter of the bankruptcy code for 180 days.  *See In re Maroofa Jesmeen*, No. 22-42511-jmm, ECF No. 27 (Dec. 12, 2022).  A few days later, Ms. Jesmeen filed the present case in the District Court.

After three months and no word from Ms. Jesmeen, the Court ordered Ms. Jesmeen to show cause in writing by March 28, 2023, as to why the action should not be dismissed for failure to prosecute.  On March 29, Ms. Jesmeen filed a motion seeking an extension of time to show cause and the present emergency motion to stay.

The undersigned held a telephone conference regarding the stay application on March 30, 2023.  Present for the conference were Ms. Jesmeen (appearing *pro se*), counsel for Maspeth, and Bankruptcy Trustee Michael J. Macco.

## ANALYSIS

The Court appears to lack jurisdiction to consider Ms. Jesmeen's motion for an order staying the foreclosure sale of her home.   Even if the Court had jurisdiction, Ms. Jesmeen has not shown a likelihood of success on

---

[3] At the telephone conference, the Trustee provided the Court with a list of what he represented were seven bankruptcy actions that Ms. Jesmeen filed between 2015 and 2022 for which he had served as Trustee.  Ms. Jesmeen recalled filing for bankruptcy in 2018 and 2022; she did not dispute that she may have filed earlier actions, but could not recall whether her husband may have filed the earlier actions on her behalf before he passed away in 2021.

the merits of her claim that the sale of her property in foreclosure is unlawful.

First, Ms. Jesmeen has made a motion to this Court for an emergency stay order, but does not appear to have made such a motion to the Bankruptcy Court. In proceedings in the Bankruptcy Court, some actions against a debtor's assets—including foreclosures—can be automatically stayed. *See* 11 U.S.C. § 362(a)(2). But, when appealing that case to a Bankruptcy Appellate Panel or district court, an appellant must make a motion for a stay pending appeal to the judge who presided over the initial bankruptcy case. *See* Fed. R. Bank. P. 8007. Generally, an appellant cannot seek a stay from the district court or Bankruptcy Appellate Panel unless the bankruptcy court judge has denied a prior motion for a stay pending appeal. *Id.* At the March 30, 2023, conference, counsel for Maspeth represented, and Ms. Jesmeen concurred, that she did not apply to the Bankruptcy Court for a motion to stay proceedings pending appeal. Without such an application, this Court cannot consider a motion for a stay.

Second, even if this Court had jurisdiction, Ms. Jesmeen has not shown a likelihood of success on the merits. The Court "liberally construe[s]" *pro se* Ms. Jesmeen's motion as akin to a motion for a stay pending appeal, and understands her claim to be that the pending foreclosure sale is not legally authorized. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). When a district court considers a stay pending appeal under Federal Rule of Bankruptcy Procedure 8005, it must consider:

> (1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated 'a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be affected.

*In re Smith*, No. 04-CV-1815(JS), 2009 WL 366577, at *2 (E.D.N.Y. Feb. 12, 2009).

Based on the motion, reply, and March 30, 2023, conference, Ms.

- 3 -

Jesmeen has not shown a likelihood of success on the merits of her challenge to the legality of the foreclosure sale. The Court notes, further, that just a few days ago, the Queens County Supreme Court already reviewed and denied a motion like the one before this Court. At the telephone conference, the Court inquired of Ms. Jesmeen as to whether she had any particular legal arguments she wished to make with respect to the legality of the foreclosure sale. She explained that she wished to halt the sale to give her additional time to find a buyer who might be acceptable to Maspeth and permit her to pay off her debt rather than have the home sold at a foreclosure auction. While the Court certainly understands why a private sale might be a more financially beneficial outcome of her foreclosure proceeding to her, that does not provide a ground for this Court to overturn the earlier judgment of the state court directing the sale to proceed. Ultimately, Ms. Jesmeen has presented no new facts or legal arguments here establishing that she is any more likely to succeed in this Court on her bid to challenge the sale than she was in earlier legal proceedings.

In sum, even if this Court had jurisdiction to consider Ms. Jesmeen's motion, the Court would not have grounds to grant the relief Ms. Jesmeen seeks.

## Conclusion

Ms. Jesmeen's motion for an emergency stay is denied. In light of Ms. Jesmeen's *pro se* status and financial and medical hardships, the Court grants Ms. Jesmeen until **Monday, May 1, 2023**, to show cause before the Hon. Eric R. Komitee as to why this action should not be dismissed for failure to prosecute under Federal Rule of Bankruptcy Procedure 8018(a)(4).

SO ORDERED.

                                           */s/ NRM*
                                           NINA R. MORRISON
                                           United States District Judge

                                           Dated:    March 30, 2023
                                                          Brooklyn, New York