```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

MAROOFA JESMEEN, doing business as
BIG APPLE LEARNING CENTER,
                                         MEMORANDUM & ORDER
                 Appellant,              22-CV-7860 (EK)


             -against-

MARK L. CORTEGIANO, et al.,

                 Appellees.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Appellant Maroofa Jesmeen appeals the dismissal of her Chapter 13 bankruptcy petition. Notice of Appeal, ECF No. 1. Because the record contains a sufficient basis for dismissal, the bankruptcy court's order is affirmed.

The factual history of this appeal is set out in the Hon. Nina R. Morrison's March 2023 Order denying an emergency stay. *See* Mem. & Order, ECF No. 10.[1]

---

[1] Appellee Mark Cortegiano moved to dismiss this appeal due to Jesmeen's failure to file a designation of the record and statement of issues to be presented. ECF No. 13-1. However, district courts often decide cases on the merits "even with an incomplete record or missing designation, especially when the appellant is *pro se*." *Miles v. Chase Bank*, No. 20-CV-4748, 2022 WL 842073, at *2 (E.D.N.Y. Jan. 24, 2022) (collecting cases). Dismissal would not be appropriate here, "since the Court did not warn the *pro se* appellant of her failure to file the designation or give her an opportunity to cure the defect." *Id.* The Court restricts its review to what is available on the docket in this case and the bankruptcy court's docket. *Id.* Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

"[O]n request of a party in interest or the United States trustee and after notice and a hearing," bankruptcy courts have discretion to dismiss Chapter 13 petitions "for cause."  11 U.S.C. § 1307(c).[2]  Cause can include a filer's bad faith.  *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 371 (2007).  A bad faith determination "is a question of fact, and thus is reviewable under the clearly erroneous standard."  *Wenegieme v. Macco*, 580 B.R. 17, 22 (E.D.N.Y. 2018).

"Serial filings are a badge of bad faith, as are petitions filed to forestall creditors."  *In re Casse*, 198 F.3d 327, 332 (2d Cir. 1999).  The petition underlying this appeal represents Jesmeen's sixth in a seven-year span.  *See In re Jesmeen*, No. 22-BK-42511 (hereinafter "Bankr. Dkt."), ECF No. 12 (attaching these filings).  Jesmeen filed several petitions within days of foreclosure sales.  *See, e.g.*, Bankr. Dkt., ECF No. 12-9 (sale notice for June 24, 2016; Bankr. Dkt., ECF No. 12-10 (bankruptcy petition dated June 22, 2016).  Jesmeen filed the present petition one day before a foreclosure sale.  Bankr. Dkt., ECF No. 12-17 (sale notice for October 12, 2022); Bankr. Dkt., ECF No. 1 (current petition dated October 11, 2022).  *See Garner v. Bank of Richmondville*, No. 10-CV-551, 2010 WL

---

[2] The bankruptcy court initially dismissed Jesmeen's petition with prejudice to refile for 180 days.  Because the time bar has expired, the dismissal "is now functionally a dismissal without prejudice," and the Court reviews it as such.  *Pal Fam. Tr. v. Ticor Title Ins.*, 490 B.R. 480, 482 (S.D.N.Y. 2013).

11680528, at *4 (N.D.N.Y. June 16, 2010) ("It is well-established that filing a bankruptcy petition on the eve of foreclosure . . . solely to obtain an automatic stay constitutes 'bad faith' and 'cause' to dismiss a Chapter 13 case.").

Failure to provide "mandatory disclosures" also evinces bad faith.  *Wenegieme*, 580 B.R. at 23; *see also In re Casse*, 198 F.3d at 332 ("The filing of a bankruptcy petition . . . without the ability or the intention to reorganize, is an abuse of the Bankruptcy Code.").  The bankruptcy court notified Jesmeen that she had failed to file eleven documents due within fourteen days of her petition.  Notice of Deficient Filing, Bankr. Dkt., ECF No. 4.  Jesmeen's lawyer affirmed that he received "no cooperation" from Jesmeen in "fulfillment of the deficiencies."  Resp. to Mot. to Dismiss, Bankr. Dkt., ECF No. 20.  Jesmeen's daughter advised that she would supply these documents, but did not despite "additional inquiries."  *Id.*

Accordingly, it was not clearly erroneous for the bankruptcy court to find that Jesmeen had filed in bad faith, nor an abuse of discretion to dismiss her petition.  Jesmeen argues that (1) she was not made aware of the bankruptcy court's dismissal hearing, (2) she was given more time to cure her filing deficiencies, and (3) the bankruptcy judge was biased.

3

Appellant Br. 1-2, ECF No. 12. The record contains no evidence to support any of these propositions.

For the foregoing reasons, the bankruptcy court's order is affirmed. Appellee Cortegiano's motion, ECF No. 13, is denied as moot. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore denies *in forma pauperis* status for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to mail a copy of this order to Jesmeen, to note the mailing on the docket, and to close the case.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:   June 3, 2025
         Brooklyn, New York